Judge Logan
delivered the opinion of the court.
This is a branch of the cause determined spring tferm, 1817, between the same parties, in which the appellants recovered from Tarlton, certain slaves that had been previously purchased by him under an execution against their ancestor.
On ihe re-cteiv i>!. n>n of ■mortgaged SioVcRV, me mortgagee is ..•mswerab’e and not for Vnñc \v;-.s 20-tuaüv made 1¿y the slaves.
The court conceiving, from the testimony in that case, that Tari ton held the slaves subject to the redemption of the appellants, decreed accordingly, and directed that ample provision should be made for raising and maintaining the negro children during their minority, which rendered them incapable of real utility to the appellee; that money advanced by him for the estate should be (refunded, and also the sum paid for said negroes with interest; and that he should pay a reasonable hireage for, the negroes.
The cause for this purpose was remanded, and a jury em-panncllcd to ascertain the amount both for and against each party, according to the foregoing principles, who having rendered a verdict leaving a balance in favor of the appel-lee, of $1039 85, for which a decree was pronounced, the other party has appealed to this court.
in the progress of the inquest below, it was attempted by the appellants to shew what had been the actual profits from the crop, arising from the labor of one of the slaves ⅛ controversy, which was repelled, and the jury instructed fhtrt. a reasonable hireage onlv was the proper measure. To , , . . * . 1 i * i ' t ■ tms opinion there was ap exception, and which is now assigned as an error. Of the correctness of that opinion, we *lave not ^ie ¡east doubt. The reasonable hireage of the slave, founded on what was customary and usual for suplí , §lavps, constituted, certainly, the proper criterion qf damages. The inquiry was not directed to the good or bad use made qf the slaves by the appellee, whilst in his possess-; ion. If it were proper for the, appellants to shew, that in one rear the negroes had been more profitably labored by extraordinary industry and attention, so it might be a question of much doubt, whether it would not have been equally competent for the appellee to shew, that during other years they had been permitted greater indulgence with less labor, and no profit, and thus form some cncouragemtint to idleness. Without, however, pursuing the principle farther, we are perfectly satisfied that the opinion of the court was in conformity to the rule laid down in the former opinion of this court. -
The other points relate to the quantum cf hireage, and tlic sums given for raising and maintaining the negroes; and to those claimed as advanced by the appellee for the benefit of the estate of the appellants.
The jury, in their verdict, have stated the average liirer per year, of each negro during their possession .by the ap— *245 peliee, according to their estimate of the time they were eapable of being useful, producing a sum of $590. And for raising and maintaining the negroes, each according to the time of their several minorities, with medical aid, making an aggregate of $3079. And to money otherwise advanced for the benefit of the estate, with interest, amounting to $550 85 — making, in all, the sum of $1629 85; leaving a balance of $1039 85, after deducting $590, the amount of the hireage for the negroes.
Hoggin for appellant, Talbot for appellee.
To this verdict the appellants objected, and moved the court to quash (lie inquest, upon the grounds that the hire, as allowed for the negroes, was too small; that the sum given for raising and maintaining them, was too high, and that interest was improperly given.
Although from the evidence, wre are satisfied a less allowance for raising the negroes might properly have been given, yet there is evidence to the extent of the verdict, from which the jury might infer, that the appellee had been injured to the ultimate benefit of the appellants. Besides, the jury could more correctly weigh, not only the credibility of the witnesses, but judge more properly of the degree of confidence which ought to be given to their opinions with regard to the trouble, 'expense, care and anxiety in raising young negroes', believing them to be their own, and estimating therefrom what would constitute an ample provision for those services.
Upon the whole, therefore, we are of opinion that the decree should be affirmed with cost.